Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

Susan B. Hersh,
for the United States Trustee
SBOT 09543925
susan.hersh@usdoj.gov

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **NAS LOGISTICS LLC,** | § | **Case No. 25-41886-mxm-11 (v)** |
| | § | |
| *Debtor-in-Possession.* | § | **Hearing Set: Feb. 12, 2026 @ 11:00 a.m.** |
| | § | |

### United States Trustee's Motion to Dismiss under 11 U.S.C. §1112(b)(1)

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 moves to dismiss this case under 11 U.S.C. §1112(b). In support thereof, the United States Trustee would show:

### Summary

NAS Logistics LLC (the "Debtor") is a Subchapter V debtor. No counsel has applied to be retained or has been retained in this case, despite numerous ECF filings by two separate attorneys. As such, the Debtor is proceeding *pro se*. Absent counsel, the Debtor cannot proceed in Chapter 11. Although, on August 25, 2025, the Debtor timely filed a "plan" on the 90th day of this case, as prescribed by 11 U.S.C. § 1189, the document filed is just a form plan with blanks where the case specific information would be inserted. However, no facts specific to this case or proposed treatment of creditors are provided. The Plan is unconfirmable on its face. No further action has been taken toward confirmation in this case. This case should be dismissed.

### Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and

---

**UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. § 1112(b)**          **Page 1**

the standing order of reference in the Northern District of Texas.  A motion to dismiss is a core matter. 28 U.S.C. § 157(b)(2)(A), (O).

## Procedural History and Case Status

1. NAS Logistics LLC filed a voluntary chapter 11 bankruptcy petition on May 27, 2025 (the "Petition Date"). [Dkt. No. 1].

2. On May 29, 2025, the Debtor filed its Amended Petition, identifying itself as a Small Business Debtor and electing treatment as a Subchapter V debtor. [Dkt. No. 4].

3. Debtor is a trucking company which contracts to haul loads on trucks and trailers owned by the Debtor and contracts with other owner/operators who use their vehicles to haul loads for the Debtor.

4. Scott Seidel was appointed Subchapter V Trustee on May 30, 2025. [Dkt. No. 6].

5. On May 30, 2025, the Court entered the Scheduling Order and Notice of Status Conference, setting the deadline to file a plan as August 25, 2025, and requiring the Debtor to remit $1,000.00 a month to the Subchapter V Trustee, to be held in escrow for his professional fees.  [Dkt. No. 7].

6. On June 26, 2025, a Disclosure of Compensation of Attorney for Debtor was filed, showing the Debtor paid Michael Wiss & Associates ("MWA") a retainer of $3,947.00, and bore the /s/ signature of Michael Wiss ("Wiss"), representing that there is no agreement to share fees "with any other person unless they are members and associates of my law firm."  [Dkt. No. 25] ("Disclosure of Compensation").

7. No application to retain counsel has been filed or approved in this case.

8. Wiss has signed the Petition and the Amended Petition and the Disclosure of Compensation, although all three of these filings were made using the ECF log-in for Andrew

Nichols ("Nichols")[1].

9.      With the single exception of the Notice of Appearance of MWA, signed by Wiss [Dkt No. 69] and filed using the ECF log-in of Wiss (filed on August 6, 2025), all of the Debtor's other filings in this case have been filed using the attorney log-in/ECF filing account of Nichols.

10.      Pleadings in this case have been filed on behalf of the Debtor and signed by Wiss individually, and/or on behalf of  MWA as counsel for the Debtor. In other instances, pleadings are filed for the Debtor and signed by Law Offices Andrew B. Nichols (by Nichols), as counsel for the Debtor or by MWA, as counsel for the Debtor, executed by Nichols, sometimes with the designation "of counsel".

11.      The Disclosure of Compensation does not mention Nichols. No separate Disclosure of Compensation has been filed by Nichols, or his firm, the Law Office of Andrew B. Nichols.  No disclosures have been made concerning the legal and/or financial associations of the law firms of MWA and the Law Office of Andrew B. Nichols and addressing the propriety thereof.

12.      An initial debtor interview was held on June 12, 2025. Michael Wiss appeared at the IDI on behalf of the Debtor.

13.      On June 26, 2025, the Debtor filed its Schedules of Assets and Liabilities [Dkt. No. 26] and its Statement of Financial Affairs [Dkt. No. 24].

14.      The First Meeting of Creditors was held on June 30, 2025, at which time the Debtor's representative testified about transactions and transfers between the Debtor and two other companies owned by the Debtor's principals.  The testimony at the 341 Meeting revealed previously undisclosed material financial information not disclosed on the Debtor's Schedules and Statement of Financial Affairs.

---

[1] On the Petition and the Amended Petition, Mr. Wiss' signature of counsel uses the email address of Nichols – a_nichols_law@protonmail.com.

15. Wiss appeared at the 341 Meeting on behalf of the Debtor.

16. On July 8, 2025, the Debtor filed Amended Schedules [Dkt. No. 39] and Amended Statement of Financial Affairs [Dkt. No. 38], which disclosed some, but not all, of the material financial information attested to at the 341 Meeting.

17. On July 14, 2025, this case was dismissed, without prejudice, for failure to file certain declarations [Dkt. No. 47].

18. The Debtor filed its Motion to Reinstate [Dkt. No. 55] which states:

> The omitted documents were an error made by Debtor's counsel. Debtor's lead counsel was suffering from a back injury during the time these declarations and documents should have been filed. This lack of oversight is a genuine mistake based on his incapacity. Debtor should not be penalized for this mistake. The missing electronic declarations and Official Form 106Sum have been filed simultaneously with this motion.

The Motion to Reinstate was signed by Michael Wiss & Associates, /s/ Andrew Nichols.

19. The dismissal of the case was vacated by order entered on July 18, 2025 [Dkt. No. 56].

20. On July 22, 2025, the Debtor filed its monthly operating report for the period from the Petition Date through June 30, 2025 [Dkt. No. 58]. On August 20, 2025, the Debtor filed a duplicate monthly operating report for the period from the Petition Date through June 30, 2025 [Dkt. No. 73]. To date, no monthly operating report has been filed for July 2025. The Debtor has filed, using the ECF credentials of Nichols, its monthly operating reports for August, September, October and November 2025.

21. On August 25, 2025, the statutory deadline for a Subchapter V debtor to file its plan, the Debtor filed the Plan. [Dkt. No. 74]. The Plan appears to be a template of a reorganization plan with blanks for the case specific information to be inserted. The Plan filed was merely the

---

template, including the blanks.  No case specific information or provisions are included.  The Plan does not identify the Debtor's creditors or provide for any classification or treatment of Debtor's creditors.  The Plan references both a liquidation analysis and financial projections, neither of which were attached. A copy of the Plan is attached hereto as Exhibit "A".

22.     As of the filing of this Motion, the Debtor has not sought, nor obtained, an order setting pre-confirmation deadlines or a hearing to consider confirmation of the Plan.

23.     The Debtor has failed to remit the monthly retainer fee payment to the Subchapter V Trustee for the month of December 2025.

### Legal Analysis

#### *General discussion of burdens when dismissal or conversion is sought:*

24.     Section 1112(b) of the Bankruptcy Code provides that, "[e]xcept as provided in . . . subsection (c) . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . .."  11 U.S.C. § 1112(b)(1).

25.     Section 1112(b) places the initial burden of establishing "cause" on the movant. *Id.*; *see also In re Briggs-Cockerham, L.L.C.*, No. 10-34222-BHJ-11, 2010 WL 4866874 at *4 (Bankr. N.D. Tex. Nov. 23, 2010).  If cause is established, the burden shifts to the debtor to prove that he or she falls within the §1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. 11 U.S.C. § 1112(b)(2).

#### *The Debtor is proceeding without Counsel*

35.     Cause exists to dismiss this case under 11 U.S.C. § 1112(b)(1), because the Debtor is a corporation that is appearing in bankruptcy *pro se,* and such entities may not appear in federal court without being represented by counsel.

---

36.    This case has been pending for over seven (7) months and no application to retain counsel has been filed.

37.    Local Bankruptcy Rule 2014-1(b)(1) provides that the employment of a professional shall be deemed contemporaneous with the commencement of the case, so long as the application to be employed is filed within thirty (30) days of the commencement of the case. See L.B.R. 2014-1(b)(1).

38.    Otherwise, applications to employ professionals filed more than thirty (30) days after the petition date, and which seek to approve such employment as of the petition date, must provide additional bases for such relief, including additional explanations as to why the motion was not filed earlier, the requirement for such approval, a discussion of potential prejudice, and which application requires notice and opportunity for hearing.  *See*, L.B.R. 2014-1(b)(2).

39.    Absent such application, notice and hearing and ultimate approval, the Debtor's engagement of counsel has not been effectuated.

40.    A corporation may not appear in a federal court without an attorney. *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004)(citing *Southwest Express Co., Inc. v Interstate Commerce Commission*, 670 F.2d 53, 55 (5th Cir. 1982); *See In re Renaissance Hosp. - Grand Prairie, Inc*., 399 B.R. 442, 448 (Bankr. N.D. Tex. 2008).

41.    The Debtor is a corporation that is proceeding without counsel. This constitutes cause for dismissal of the case.

### *Failure to Timely File a Subchapter V Plan and to Pursue Confirmation*

42.    Cause exits to dismiss a case where a Debtor has failed to file a plan within the time fixed by the Court.  11 USC 1112(b)(4)(J).  Under 11 U.S.C. § 1189(a), only the Subchapter V debtor may file a plan.  Section 1189(b) provides that a Subchapter V debtor "shall file a plan not

later than 90 days after the order for relief under this chapter."  The Court may extend that deadline "if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."  *Id*.  "The debtor may modify a plan at any time before confirmation, but may not modify the plan so that the plan as modified fails to meet the requirements of sections 1122 and 1123 of [the Bankruptcy Code], with the exception of subjection (a)(8) of such section 1123. After the modification is filed with the court, the plan as modified becomes the plan."  11 U.S.C. § 1193.

43.     Subchapter V debtors benefit from a more streamlined chapter 11 process.  For example, chapter 11 small business debtors have early deadlines to formulate a reorganization and are not required to pay United States Trustee fees or to file a separate disclosure statement, in anticipation of (and to facilitate) a speedy and efficient reorganization – not as a mechanism to allow debtors to just "park and sit".

44.     In this case, the Debtor filed its Subchapter V Plan, on the deadline requiring a plan to be filed.  However, what was filed was not a plan.  The Debtor filed a form template, without any case specific information concerning the treatment of creditors' claims, its proposed distribution or underlying analysis.  The Plan appears to have been filed as an attempt to meet the statutory deadline, rather than a reflection of an earnest effort to reorganize. The Plan fails to include the required projections and liquidation analysis.  On its face, certainly the Plan is unconfirmable.

45.     Notwithstanding such filing, it is clear that there is no reasonable prospect of reorganization.   The Plan was filed more than four (4) months ago.  In that time, the Debtor has not taken any action in the case to address the Plan's deficiencies or to initiate the confirmation process by seeking and obtaining an order setting the requisite pre-confirmation deadlines and

setting a confirmation hearing. The Debtor is not pursuing confirmation of the Plan.

46.     The failure of the Debtor to pursue pre-confirmation deadlines and to obtain a setting on confirmation suggests it cannot reorganize.  Although the Debtor filed a Subchapter V plan in accordance with 11 U.S.C. § 1189(b), it has not taken any action to pursue confirmation. As set forth in a recent opinion by Judge Jernigan:

> In a subchapter V case, such as this one, a debtor must file a chapter 11 plan within 90 days of filing its case, but there is technically no time limit on confirming the plan. But the new subchapter V, which has only been in effect since mid-February 2020 as a chapter available for small businesses, is very clear in its overall purpose that cases should be pursued with all possible expedition; it is designed such that debtors should be required to be in and out of bankruptcy very promptly. There are several tight deadlines: an early first meeting of creditors; a deadline for the debtor to file a status report and have a status conference in the first 60 days, for the court and parties to ensure the case is on track; and, again, the 90-day deadline to file a plan. A debtor has many advantages under subchapter V: only the debtor may file a plan; the debtor is not required to file a time-consuming disclosure statement; the debtor does not have to pay U.S. Trustee fees; the debtor does not have to obtain an impaired, accepting class for its plan; and the absolute priority rule does not apply. But the quid pro quo for all of this is that a subchapter V debtor must move swiftly. Here, the Debtor filed its plan in October 2020. The Court does not believe that this Debtor is moving as swiftly, as Congress intended by enacting subchapter V.

*In re TNT Quadrangle Partners, LP*, Case 20-32006-SGJ-11; (docket no. 157).

47.     Cause exists to dismiss this case for the Debtor's failure to file a plan within the time fixed by Section 1189(b).  *See* 11 USC § 1112(b)(4)(J).

### *Inability to reorganize is cause for dismissal.*

48.     The Court may dismiss or convert a chapter 11 case for "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). The facts of the case, including the deficiencies in the Plan and lack of disclosure of professional fees and operating reports evidence an inability to reorganize.

49.     Analysis of a reasonably likelihood of rehabilitation is case-specific and will

address the debtor's viability and rate of progress. *See In re Timbers of Inwood Forest Assoc., Ltd.*, 808 F.2d 363, 371-72 (5th Cir. 1987) (*en banc*), *aff'd sub nom*, *United Savings Assoc. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365 (1988).

50. In this case, the Debtor filed its Subchapter V Plan, on the last day before its deadline requiring a plan to be filed. Notwithstanding such filing, there is no reasonable prospect of confirming the filed Plan. The Plan is not confirmable. The Plan has been on file for over four (4) months and no supplemental materials, including details on treatment of creditors have been filed. The Debtor has not attempted to initiate the confirmation process by amending the Plan and seeking and obtaining an order setting the requisite pre-confirmation deadlines and setting a confirmation hearing. While there is no deadline to confirm in Subchapter V, the Plan, as filed, along with the Debtor's lack of progress toward confirmation, demonstrates that no reorganization is forthcoming. The Debtor is not pursuing confirmation of the Plan which further suggests that the Debtor will be unable to confirm a plan.

51. It is not clear that the Plan, as filed, satisfies the Debtor's obligation to file a plan, in accordance with 11 U.S.C. § 1189(b). Failure to file a plan in the time required by the statute is cause for dismissal of this case. *See* 11 USC § 1112(b)(4)(J). Therefore, cause exists to dismiss this case.

### *Failure to Comply with Administrative Obligations*

42. The Debtor has not filed its Monthly Operating Report for July 2025. Cause exists for dismissal when a debtor fails to satisfy timely any reporting requirements or fails to provide information reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F), (H).

43. Cause exists for dismissal when a debtor fails to comply with an order of the court. 11 U.S.C. § 1112(b)(4)(E). The Debtor failed to comply with the Scheduling Order by failing to

---

remit the monthly interim compensation payments to the Subchapter V Trustee.  As such, cause

exists to dismiss this case.

## Prayer

Wherefore, the United States Trustee respectfully requests that the Court enter an order

dismissing this case and grant any other relief to which the United States Trustee may be entitled.

Dated: January 9, 2026

LISA L. LAMBERT
UNITED STATES TRUSTEE

*/s/ Susan B. Hersh*
Susan B. Hersh
Trial Attorney
Texas State Bar No. 09543925
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas  75242
susan.hersh@usdoj.gov
(214) 767-1073

## Certificate of Service

I certify that this motion was served via ECF to parties receiving same and to Debtor and
parties on the Debtor's matrix, via First Class United States Mail, on date this was filed.

*/s/ Susan B. Hersh*
Susan B. Hersh

NAS Logistics LLC
821 Greenview Drive
Grand Prairie, TX 75050

---

**UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. § 1112(b)**

Michael Wiss & Associates
PO Box 740392
Dallas, TX 75374
(214)263-3082
mjwiss@hotmail.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| NAS LOGISTCS LLC | § | Case No.: 25-41886-MXM |
| | § | Chapter 11, Subchapter V |
| Debtor(s) | § | |
| | § | |

## PLAN OF REORGANIZATION, DATED AUGUST 25TH, 2025

**Background For Cases File Uunder Subchapter V**

### A. Description and History of the Debtor's Business

The debtor is an L.L.C.. It has been in the trucking business since October 3rd, 2020. It is an over the road trucking company. Most of the trucks and trailers are owned by the debtor. Some are owned outright, while one is owned by one of the drivers to whom the debtor is providing loads to deliver.

Debtor has faced several challenges. These challenges can generally be summarized as follows: a large fluctuation in the price of fuel, an economic downturn and substantial weather issues which led to the decrease in freight demand, as well as cross boarded trade issues. Better also took some MCA loans which also contributed to challenges to the company.

### B. Liquidation Analysis

To confirm the Plan, the court must find that old creditors and equity-interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders will receive in a Chapter 7 liquidation. The liquidation analysis required by 11 U. S. T. § 1190 is attached to the plan as Exhibit 1.

### C. Ability to Make Future Plan Payments and Operate Without Further Reorganization

The Plan Proponent must also show that it will have enough cash over the life of the plan to make the required Plan payments and operate the Debtor's business. Projections that support

Exhibit "A"

the Debtor's ability to make all payments required by the Plan are attached to Plan as Exhibit 2. *See* U.S.C. § 1190.

The Plan Proponent has provided projected financial information as exhibit 3.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by §1191 (d) of the Bankruptcy Code) For the period described in § 1191(c)(2) of $_____.

Assuming the Plan is confirmed in November 2025, and disbursements begin 30 days after of entry of the confirmation order, the first Plan payment is expected to be disbursed 30 days after entry of the confirmation order (estimated in December 2025) And the final payment estimated in November 2030. A confirmation order is entered in another month, the 1st and final payment will be adjusted in time accordingly.

**ARTICLE 1:  Summary**

This Plan of Reorganization (that "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of NAS Logistics L.L.C. (the "Debtor") from one or more of the following: an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income.

This Plan provides for:

[       ] Classes of priority;
[       ] Classes of secured claims;
[       ] Classes of non-priority unsecured claims; and
[       ] Classes of equity security holders.

**Payment of non-priority unsecured claims.** Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent health this plan has value at approximately_____.

**Payment of administrative expenses and priority claims:** This Plan provides for full payment of administrative expenses and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

> *Your right may be affected. You should read these papers carefully and discuss them with your attorney if you have one. (If you do not have an attorney, you may wisht to consult one.)*

**ARTICLE 2: Classification of Claims and Interests**

**2.01: Class 1.** All allowed claims entitles to priority under § 507 (a) of the Code (except administrative expenses under § 507(a) (2) ["Gap" period claims in an involuntary case under § 507(a) (3),] and priority tax claims under § 507(a)(8)).

**2.02: Class 2.** The claims of Crossroads Financial and Navistar, to the extent allowed as a secured claim under § 506 of the code.

**2.021:** Should be any allowed claims of the of the Internal Revenue Service, said claimant shall be paid pro rata over the term of this plan at 7% interest.

**2.022:** Shall be any allowed claim of any of the priority claims other than the Internal Revenue Service. It shall be paid pro rata over the term of this plan. Ad valorem property taxes shall be paid pro rata over the term of this plan at 10% interest. All other administrative priority and secured claims shall be paid pro rata over the term of this plan at 8% interest.

**2.03: Class.** All non-priority unsecured claims allowed under § 502 of the code shall be paid quarterly at 50% of the allowed claims for five (5) years/ 20 installments.

**2.04: Class 4.** Equity interest of the Debtor.

**ARTICLE 3: Treatment of Administrative Expenses, Priority Tax Claims, And Quarterly and Court Fees**

**3.01: Unclassified Claims.** Under § 1123(a)(1), allowed administrative expenses ["Gap" period claims in an involuntary case allowed under § 502 (f) of the code,] and priority tax claims are not in classes.

**3.02: Administrative expenses.** Administrative expenses allowed under § 502(f) of the Code, ["Gap" period claims in an involuntary case allowed under § 502 (f) of the code,] will be paid in full on the effective date of this plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

[OR]

Administrative expenses allowed under §503 of the Code ["Gap" period claims in an involuntary case allowed under § 502 (f) of the code,] will be paid _____ _____ _____.

**3.03: Priority Tax Claims.** Each holder of an allowed priority tax claim will be paid all taxing authorities pro rata over the life of the plan at 6% interest.

**3.04: Statutory fees.** All unpaid fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan will be paid on or before the effective date.

**4.01: Claims and interests are treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – **Priority claims** excluding those in Article 3 | ____ Impaired<br><br>_____Unimpaired | |
| Class 2 - **Secured claim** of _____<br><br>_____ | ____ Impaired<br><br>_____Unimpaired | |
| Class 3 - **Nonpriority unsecured creditors** | ____ Impaired<br><br>_____Unimpaired | |
| Class 4 - **Equity security holders of the Debtor** | ____ Impaired<br><br>_____Unimpaired | |

**ARTICLE 5: Allowance and Disallowance of Claims**

**5.01: Disputed claim.** A disputed claim is a claim that has not been allowed or disallowed and as to which either:

(i) A proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) No proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02: Delay of distribution on a disputed claim.** No distribution will be made on account of a disputed claim unless and until it is allowed.

**5.03: Settlement of disputed claims.** The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Federal Rule of Bankruptcy Procedure 9019.

### ARTICLE 6: Provisions for Executory Contracts and Unexpired Leases

(a)     The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date of the Plan:

(b)     Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, either before the effective date or under section 6(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **30** days after the date on which the court enters the order confirming this Plan.

### ARTICLE 7: Means for Implementation of the Plan

### ARTICLE 8: General Provisions

**8.01: Definitions and rules of construction.** The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

**8.02: Effective date.** The effective date of this Plan is the day that is **30** days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the day after the date on which the stay expires or is otherwise terminated. These periods are calculated as provided in Federal Rule of Bankruptcy Procedure 9006(a)(1).

**8.03: Severability.** If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.04: Binding effect.** The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

**8.05: Captions.** The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.06: Controlling effect.** Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**8.06: Corporate governance.**

**8.07: Retention of Jurisdiction.** The court confirming the Plan may exercise jurisdiction to the full extent necessary to administer this case after Plan confirmation and to adjudicate any related adversary proceedings or contested matters, including those relating to the Plan, such as concerning the Plan's construction, implementation, or modification. Neither this provision nor anything in this Plan constitutes a limitation on or an expansion of the jurisdiction authorized by title 28 of the United States Code.

**ARTICLE 9: Discharge**

On which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192.

**Subchapter V Debtor is a Partnership**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code.

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i)      on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;

or

(ii)     excepted from discharge under § 523(a) of the code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Respectfully Submitted,

Michael Wiss & Associates
PO Box 740392
Dallas, TX 75374
(214)263-3082
mjwiss@hotmail.com

Attorney for Debtor

By: /s/ Michael Wiss
Michael Wiss
State Bar No.: 21819700